UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IVAN DEIDA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-38-JD-MGG |
| WARDEN, et al., | |
| Defendants. | |

OPINION AND ORDER

Ivan Deida, a prisoner without a lawyer, filed an amended complaint. ECF 17. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Deida alleges that Dr. Michael Brumfield performed an exploratory surgical procedure that resulted in damage to Deida's spleen and intestines. The surgical procedure allegedly caused excruciating pain for months. Deida does not provide any further context regarding why he needed surgery, when or where the surgery occurred, or what happened. He lists Dr. Brumfield's address as at the Miami Correctional Facility ("MCF"), but it is unclear whether Dr. Brumfield works at MCF. "In order to

state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal quotation marks and citation omitted).

Assuming for purposes of this order that Dr. Brumfield was acting under color of law, Deida has not pled facts from which it can be plausibly inferred that Dr. Brumfield was deliberately indifferent to his serious medical needs. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must

2

make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Neither negligence nor medical malpractice constitute deliberate indifference. *Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and internal quotation marks omitted). Here, Deida alleges only that Dr. Brumfield made an error during surgery that resulted in harm. While this may amount to negligence or malpractice, it does not rise to the level of deliberate indifference. Therefore, Deida may not proceed against Dr. Brumfield.

Deida has also sued the MCF Warden. He alleges generally that the warden refused to respond to grievances, requests, and letters regarding medical issues. To the extent that Deida is attempting to hold the warden liable because he is in charge of the facility, there is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their

3

own misdeeds but not for anyone else's." *Id*. at 596. The amended complaint does not allege that the warden was personally involved in making decisions regarding Deida's medical care. A supervisor can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Deida, however, has not provided copies or described the contents of the correspondence he sent to the warden, and the amended complaint does not include facts from which it can be plausibly inferred that the warden facilitated, approved, condoned, or turned a blind eye to any unconstitutional action. Therefore, Deida cannot proceed against the warden on this theory.

Deida contends that both the warden and Grievance Specialist Michael Gapski interfered with the grievance process by not responding to grievances. Deida, however, has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Therefore, he cannot proceed against the warden or Gapski on this theory.[1]

Deida also contends that the failure to respond to his writings violated his First Amendment rights. It did not. Deida was able to express himself to the warden and

---

[1] Neither can Deida proceed against Gapski on the theory that he facilitated, approved, condoned, or turned a blind eye to any unconstitutional action, because the amended complaint does not include factual allegations that permit such an inference.

4

Gapski, and their failure to respond did not prevent him from further expressing himself in accordance with the First Amendment.[2]

Next, Deida contends that Counselor Nathaniel Angle, Counselor J. Stoll, D.I.I. Shirley Starkey, D.I.I. J. Harbough, and D.I.I. Heishmen each censored documents mailed to him related to his medical issues.[3] He alleges that he has not been permitted to inspect envelopes prior to opening, maintain an unobstructed visual field while staff handle his mail, or confirm that each page is accounted for prior to staff copying and destroying the original documents.

"The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail." *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). "Prison regulations or practices that affect a prisoner's legal mail are of particular concern because of the potential for interference with a prisoner's right of access to the courts." *Id.* "Prison regulations or practices affecting a prisoner's receipt of non-legal mail also implicate First Amendment rights and must be reasonably related to legitimate penological interests." *Id.* "However, merely alleging an isolated delay or some other relatively short-term, non-content-based disruption in the delivery of inmate reading materials will not support […] a cause of action grounded upon the First Amendment." *Id.* Deida has not identified any document that qualifies as legal mail. *See Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005) ("[W]hen a prison receives a

---

[22] The amended complaint also references the Equal Protection Clause, but it contains no facts to support this legal theory.

[3] It is unclear what Deida means when he says they censored the documents.

letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence.") The purpose of preventing prisons from opening legal mail outside of the presence of an inmate is to protect the Sixth Amendment right to counsel and the attorney-client privilege by ensuring that jail officials merely inspect for contraband and do not read confidential communications between an inmate and his counsel. *Wolff v. McDonnell*, 418 U.S. 539, 576-577 (1974). Deida has only described a general policy whereby mail is opened by custody staff and copied for the inmate prior to disposal. This regulation is not content-based and does not appear to have implicated either Deida's right to counsel or right to access to the courts. Thus, the allegations are insufficient to state a claim.

Deida also alleges that G.T.L. Kathy Smith denied him a copy of a medical document that described the trauma that occurred during the surgery. A family member sent the document through the GTL messaging system, Deida offered to purchase a printout for 10 cents, and Smith refused to make the copy. Deida claims this violated his First Amendment and Fourteenth Amendment rights. Deida has not explained why he believes this is a violation of either provision, and his allegations are too vague for the court to find that he has stated a claim.

Deida also alleges that Lea Ivers will not let him review and copy his medical file. While Deida should be able to obtain copies of his own medical records, he has no constitutional right to free copies. *See Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) (indigent *pro se* prisoner had no "constitutional entitlement to subsidy. . . to

6

prosecute a civil suit[.]"). Furthermore, his dispute with Ivers over copies of his medical file does not implicate constitutional concerns.

Deida has also sued James Stamper, a public information officer, for denying him medical information and providing incorrect medical information. Deida's allegations are, however, vague, and do not appear to implicate constitutional concerns.

This amended complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Deida may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. He does not need to use legal phrases, cite to legal authority, or provide legal analysis; he simply needs to explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing details about what occurred but avoiding legal phrases and citations. He should use each defendants name every time he references them in the amended complaint.

For these reasons, the court:

(1) GRANTS Ivan Deida until **October 27, 2023**, to file an amended complaint; and

7

(2) **CAUTIONS** Ivan Deida that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 26, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT