UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IVAN DEIDA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-38-JD-MGG |
| WARDEN, et al., | |
| Defendants. | |

OPINION AND ORDER

Ivan Deida, a prisoner without a lawyer, filed an amended complaint naming eleven separate defendants. ECF 28. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

When the court screened Deida's earlier complaint (ECF 17), several deficiencies were identified. ECF 23. Deida's amended complaint (ECF 28) alleges essentially the same facts as his earlier complaint. Deida alleges that Dr. Michael Brumfield performed an exploratory surgery that resulted in damage to Deida's spleen and intestines. The surgery allegedly caused a hernia, infection, and excruciating pain that lasted for months. Deida does not explain why the surgery was performed, but at some point (it is

unclear when) he was diagnosed with cancer. Deida lists Dr. Brumfield's address as at the Oakes Memorial Hospital, but he claims Dr. Brumfield was an agent of Miami Correctional Facility.[1]

As explained in the court's previous screening order (ECF 23 at 1-2), "[i]n order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal quotation marks and citation omitted).

Deida has not pled facts from which it can be inferred that Dr. Brumfield was acting under color of law.[2] Even if Dr. Brumfield was acting under color of law, Deida has not pled facts from which it can be plausibly inferred that Dr. Brumfield was deliberately indifferent to his serious medical needs. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2)

---

[1] Deida's earlier complaint listed Dr. Brumfield's address as the Miami Correctional Facility.

[2] As a doctor employed by a private company, "[w]hether [he] is a state actor is a functional inquiry, focusing on the relationship between the state, the medical provider, and the prisoner." *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 797 (7th Cir. 2014). A private physician with only "an incidental and transitory relationship with the state's penal system" does not become a state actor, and thus subject to suit under § 1983, by virtue of treating a prisoner. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 827 (7th Cir. 2009).

the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Neither negligence nor medical malpractice constitute deliberate indifference. *Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded

3

under those circumstances." *Walker*, 940 F.3d at 965 (citation and internal quotation marks omitted). Deida's amended complaint, like his earlier complaint (ECF 17), alleges only that Dr. Brumfield made an error during surgery that resulted in harm. While this may amount to negligence or malpractice, it does not rise to the level of deliberate indifference. Therefore, Deida may not proceed against Dr. Brumfield.

Deida has also sued the MCF Warden. He alleges that he sent correspondence to the warden seeking help for his physical pain on multiple occasions, and the warden refused to respond. He provides no further details. As already explained (ECF 23 at 3-4), to the extent that Deida is attempting to hold the warden liable because he oversees the facility, there is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. The amended complaint does not allege that the warden was personally involved in making decisions regarding Deida's medical care. A supervisor can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Deida's amended complaint, however, does not include facts from which it can be plausibly inferred that the warden facilitated, approved, condoned, or turned a blind eye to any serious and unmet medical need.

Deida further contends that both the warden and Grievance Specialist Michael Gapski interfered with the grievance process by not responding to grievances. The court has already explained to Deida (ECF 23 at 4) that he has no constitutional right to access

4

the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Therefore, he cannot proceed against the warden or Gapski on this theory.[3]

Deida also contends that the failure to respond to his writings violated his First Amendment rights. The court has already explained that it did not. ECF 23 at 4-5. Deida was able to express himself to the warden and Gapski, and their failure to respond did not prevent him from further expressing himself in accordance with the First Amendment.[4]

Next, Deida contends that Counselor Nathaniel Angle, Counselor J. Stoll, D.I.I. Shirley Starkey, D.I.I. J. Harbough, and D.I.I. Heishmen each refused to let him inspect envelopes prior to opening or confirm that each page is accounted for prior to staff copying and destroying the original documents. "The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail." *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). "Prison regulations or practices that affect a prisoner's legal mail are of particular concern because of the potential for

---

[3] The court's earlier screening order (ECF 23 at 4) explained that Deida could not proceed against Gapski on the theory that he facilitated, approved, condoned, or turned a blind eye to any unconstitutional action, because he did not include factual allegations that permit such an inference. The same is true of the amended complaint.

[4] The amended complaint, like Deida's earlier complaint, references the Equal Protection Clause. The court explained that the earlier complaint contains no facts to support this legal theory. ECF 23 at 4. The amended complaint suffers from the same shortcoming.

5

interference with a prisoner's right of access to the courts." *Id.* "Prison regulations or practices affecting a prisoner's receipt of non-legal mail also implicate First Amendment rights and must be reasonably related to legitimate penological interests." *Id.* "However, merely alleging an isolated delay or some other relatively short-term, non-content-based disruption in the delivery of inmate reading materials will not support […] a cause of action grounded upon the First Amendment." *Id.* Deida has not identified any document that qualifies as legal mail. *See Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005) ("[W]hen a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence.") The purpose of preventing prisons from opening legal mail outside of the presence of an inmate is to protect the Sixth Amendment right to counsel and the attorney-client privilege by ensuring that jail officials merely inspect for contraband and do not read confidential communications between an inmate and his counsel. *Wolff v. McDonnell*, 418 U.S. 539, 576-577 (1974). Deida has only described a general policy whereby mail is opened by custody staff and copied for the inmate prior to disposal. This regulation is not content-based and does not appear to have implicated either Deida's right to counsel or right to access to the courts. Thus, the allegations are insufficient to state a claim.

Deida also alleges that G.T.L. Kathy Smith denied him a copy of a medical document that described the trauma that occurred during the surgery. A family member sent the document through the GTL messaging system, Deida offered to

6

purchase a printout for 10 cents, and Smith refused to make the copy. Deida claims this violated his First Amendment, Eighth Amendment, and Fourteenth Amendment rights. The earlier screening order (ECF 23 at 1-6) noted that Deida has not explained why he believes this violated his First Amendment and Fourteenth Amendment rights. Deida has now added an additional legal provision, but his allegations suffer from the same deficiency. They are too vague for the court to find that Deida has stated a claim.

Deida also alleges that Lea Ivers will not let him review and copy his medical file. The court has already explained (ECF 23 at 6-7) that, while Deida should be able to obtain copies of his own medical records, he has no constitutional right to free copies. *See Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) (indigent *pro se* prisoner had no "constitutional entitlement to subsidy. . . to prosecute a civil suit[.]"). Furthermore, his dispute with Ivers over copies of his medical file does not implicate constitutional concerns.

Deida has also sued James Stamper, a public information officer, for denying him medical information and providing incorrect medical information. The court's earlier order (ECF 23 at 7) noted that Deida's allegations were vague and did not appear to implicate constitutional concerns. The same is true of the amended complaint.

While Deida's amended complaint includes some additional information, it is not materially different from Deida's earlier complaint and it does not state a claim for which relief can be granted. If Deida believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to

7

be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, before amending, Deida should carefully review this order. If he is unable to address the deficiencies pointed out in this order, then it would be futile for him to file another amended complaint.

To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. He does not need to use legal phrases, cite to legal authority, or provide legal analysis; he simply needs to explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing details about what occurred but avoiding legal phrases and citations. He should use each defendants name every time he references them in the amended complaint.

Finally, Deida filed a motion asking for a printout of the docket sheet. ECF 33. This was unnecessary. In the future, Deida should simply write the clerk and ask for a copy. Nonetheless, the clerk will be directed to send Deida a current copy of the docket sheet.

For these reasons, the court:

(1) GRANTS Ivan Deida's motion seeking a copy of the docket sheet (ECF 33);

(2) DIRECTS the clerk to send Ivan Deida a current copy of the docket sheet;

(3) GRANTS Ivan Deida until **June 27, 2024**, to file an amended complaint; and

8

(4) CAUTIONS Ivan Deida that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on May 28, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

9